**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH PATRICK HIBBLER, | No. 11-16683 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-00467-RCJ-VPC |
| v. | |
| JAMES BENEDETTI and NEVADA ATTORNEY GENERAL, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted June 12, 2012
San Francisco, California

Before:     D.W. NELSON, RAWLINSON, and IKUTA, Circuit Judges.

The Nevada Supreme Court did not make an unreasonable determination of

the facts in light of the evidence before the state court, or unreasonably apply

clearly established Supreme Court precedent, when it rejected Kenneth Patrick

Hibbler's claims that he was denied his Sixth Amendment right to effective

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

assistance of counsel due to counsel's: (1) misadvising him about the availability of an insanity or diminished capacity defense, and (2) failing to present Hibbler's request to withdraw his guilty plea.[1] *See* 28 U.S.C. § 2254(d).

First, the state court reasonably determined that Hibbler's allegation that counsel told him that no insanity defense existed in Nevada was incredible in light of the record, which conclusively showed that counsel was actively pursuing a potential insanity defense prior to the plea. This finding was not rendered unreasonable by the state court's failure to hold an evidentiary hearing because the state court reasonably concluded that Hibbler's allegations were belied by the record. *See United States v. Hibbler*, ___ F.3d ____ (9th Cir. 2012); *Perez v. Rosario*, 459 F.3d 943, 950 (9th Cir. 2006). Moreover, the state court did not unreasonably apply Supreme Court precedent in concluding that any incorrect advice by counsel would not have prejudiced Hibbler because it would not have been rational for Hibbler to insist on going to trial on much more serious charges based on a weak defense. *See Padilla v. Kentucky*, 130 S. Ct. 1473, 1485–86 (2010).

---

[1] We address Hibbler's ineffective assistance claim based on counsel's allowing Hibbler to plead guilty at a time when he was allegedly incompetent in a separate opinion filed concurrently with this memorandum disposition.

Second, the state court's finding that Hibbler assented to Ungaro's decision not to move to withdraw the plea was reasonable given that (1) Ungaro was appointed, in part, to discuss withdrawing the plea with Hibbler; and (2) Hibbler confirmed that he wished to retain Ungaro as counsel immediately after Ungaro stated that she saw no basis for withdrawing the plea. The state court's alternative conclusion, that any deficiency resulting from Ungaro's failure to move to withdraw the plea was not prejudicial, was not an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). The state court reasonably concluded that there was no reasonable probability that a motion to withdraw the plea would have been successful since Hibbler adduced no credible evidence that the plea was not knowing and voluntary. *See Molina v. State*, 87 P.3d 533, 537–38 (Nev. 2004) (pre-sentence motion to withdraw plea properly denied because totality of circumstances showed that defendant voluntarily, knowingly, and intelligently entered the plea agreement).

The district court properly denied Hibbler's request for an evidentiary hearing. An evidentiary hearing is unnecessary when the state court's decision withstands scrutiny under § 2254(d). *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1400 & n.7 (2011).

**AFFIRMED.**

3